UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>         Plaintiff,  )<br>  )<br> vs.  )<br>  )<br>LESLIE SHAW,  )<br>  )<br>         Defendant.  ) | Case No. 17-cr-20013 |

## OPINION AND ORDER CLARIFYING CONDITIONS OF RELEASE

BEFORE U.S. MAGISTRATE JUDGE TOM SCHANZLE-HASKINS:

Before the Court is Defendant Leslie Shaw's Motion to Clarify Conditions of Release (d/e 13) (Motion) and Memorandum in Support (d/e 14).

### Background

Defendant Leslie Shaw is charged in a one-Count indictment with conspiracy to engage in monetary transactions involving criminally derived property from specified unlawful activity. Specifically, the indictment charges that between January 2012 and April 2012, the Defendant received nine bank checks from a bank located in the Central District of Illinois made out to the Defendant. The indictment alleges that the Defendant was aware

that the checks were derived from some form of unlawful activity and the sender of the checks had been instructed to send the checks to the Defendant by Defendant's co-conspirators.   The indictment states the checks sent to the Defendant total $147,000.   The indictment further alleges that the Defendant deposited each of the nine checks into a Wells Fargo savings or checking account in her own name, kept a portion of the proceeds from these checks for her own use, and either transported via airplane or wired additional funds to co-conspirators in Jamaica.

The indictment charges that this conduct violated 18 U.S.C. §1956(h) which states that anyone who conspires to commit the offense of laundering monetary instruments shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Defendant appeared before this Court on March 7, 2017 for an initial appearance and arraignment.   Defendant entered a plea of not guilty to the charges in the indictment and was released on a $10,000 recognizance bond.   The Defendant was released subject to various conditions of

release.  One of those conditions put at issue by the Defendant's Motion to Clarify Conditions of Release (d/e 13) (Motion) is as follows:

> (7)(t) The Defendant must not maintain, or obtain employment, at any place where you will be involved in the management or handling of cash, credit, or any other financial instrument, without disclosing information to your employer regarding your federal charge and allowing the U.S. Probation Office to verify your job duties and that such disclosure has been made to your employer.  (Condition (7)(t))

Counsel for the Defendant has filed the instant Motion and a Memorandum in Support (d/e 14) (Memorandum).

The Defendant is currently employed at Stewart Title Guaranty Company in Texas.  The nature of the job duties of the Defendant is disputed.  The Defendant attaches to her Memorandum a job description for an "Escrow Processor I" and a declaration concerning her job duties.  The contents of these documents will be discussed herein.

Defendant asks the Court to enter an order clarifying the meaning of the condition stated above with regard to "(a) the circumstances under which a Defendant must disclose her charges to an employer, (b) whether the Probation Office is authorized to verify such disclosure by directly contacting

the employer and (c) if the Probation Office is so authorized, when such authorization comes into force".

Analysis

In Defendant's Memorandum, Defendant indicates that the U.S. Probation Officer "feels that she previously" indicated she held the position of "Escrow Agent" and, after calling Stewart Title, but not disclosing Ms. Shaw's name, the Probation Officer reached the conclusion that "Escrow Agents" and "Assistant Escrow Agents" do handle financial instruments. Defendant asserts that her job title is "Escrow Processor I" and that she does not "handle" cash, credit, or other financial instruments. (d/e 14, pg 5)

Defendant asserts that condition (7)(t) only authorizes the Probation Office to verify the Defendant has made the disclosures and does not authorize the Probation Office to make a disclosure of Defendant's charges when contacting her employer to verify whether she actually made such disclosures. For the reasons stated below, the Court disagrees with the assertion of the Defendant.

The Defendant asserts that she is not an "Escrow Agent", but is, in fact, an "Escrow Processor I". To support her assertion, she attaches a job description for "Escrow Processor I" which states the job roles of the job title

of "Escrow Processor I". (d/e 14-1, pg 2)   Defendant also attaches to her Memorandum a "Declaration of Leslie Vaughn".[1]   The declaration submitted by the Defendant states that her job duties "include" a verbatim recitation of the job duties set forth in the job description of "Escrow Processor I" attached to the Memorandum.   This recitation does not indicate the actual job duties of the Defendant.   Defendant only states that the job duties set forth in the job description are "included" in her job duties.   The declaration also makes a conclusory statement that "my job duties do not include handling cash, credit or other financial instruments".   The declaration submitted by the Defendant is inadequate to describe her actual job responsibilities.

Condition (7)(t) allows the U.S. Probation Office to verify the job duties of the Defendant and to verify that disclosure of her federal charge has been made to her employer.[2]

---

1  The indictment to which the Defendant entered a plea of not guilty charges Leslie Shaw as the Defendant.   The Declaration attached to Defendant's Memorandum is a declaration of Leslie Darlene Vaughn.   The Defendant offers no explanation as to the difference in the name specified in the indictment and the name of the Declarant in the Declaration attached to Defendant's Memorandum. It appears to the Court that, from information previously provided by the Defendant, that the Defendant's maiden name was Vaughn and she married Byron Shaw.   She was divorced from Mr. Shaw in 2015.   Hence the Court assumes that the declaration submitted is the declaration of the Defendant who has assumed her maiden name after her 2015 divorce.   The conduct alleged in the indictment occurred before that divorce.

2  For purposes of construing the bond condition at issue, the Court determines that the appropriate definition of a financial instrument is:   A document such as a check, draft, bond, share, bill of exchange, futures or options contract, that has a monetary value or represents a legally enforceable (binding) agreement between two or more parties regarding a right to payment of money.   http://www.businessdictionary.com/definition/financial-instrument.html

The Defendant's declaration is impeached by the information provided to the Probation Office for the Pretrial Services Report prepared prior to the bond hearing. Defendant indicated, at that time, that she was an "escrow agent" at Stewart Title. She also advised Probation that her employer was aware of the pending federal charge. However, she stated that she did not want her employer to be contacted.

Defendant Shaw, while charged with a crime by the indictment returned by the Grand Jury, is presumed innocent as is any criminal defendant prior to a conviction. However, the return of an indictment is sufficient to establish probable cause that the defendant committed the offense charged. U.S. v. Hazime, 762 F.2d 34, 36-37 (6th Cir. 1985).

The indictment charging the Defendant in this case is not sealed. It is a public record. The nature of the charge in the indictment is part of that public record. The Defendant has no right to preclude the disclosure of a public record by the Probation Office in carrying out the verification function imposed by Condition (7)(t). The language of Condition (7)(t) is purposely broad to permit the Probation Officer to conduct this verification function. The involvement triggering verification is not limited to the "handling" of cash, credit, or financial instruments, but also includes the "management" of cash,

credit, or financial instruments.  Likewise, Condition (7)(t) broadly permits the Probation Office to "verify" the Defendant's job duties to insure that disclosure of the federal charge has been made to Defendant's employer.

Contrary to the Defendant's assertion, the Probation Office is authorized to disclose Defendant's charges when contacting her employer to verify whether she needs to make the disclosure and to determine whether or not proper disclosure has been made.  The Probation Office is not bound to accept the Defendant's statement of her job duties.  It is the duty of Probation to verify those job duties.  The Probation Office is not prohibited from disclosing the nature of the federal charge against the Defendant when verifying the Defendant's job duties or determining whether or not proper disclosure to the employer has been made as required by Condition (7)(t).

With regard to the clarification sought by the Defendant, the Court rules as follows:

A.  With regard to Defendant's request for clarification of the circumstances under which Defendant must disclose her charges to her employer:  The Defendant must make the disclosure of federal charge, pursuant to the plain language of Condition (7)(t), to her employer of her federal charge if she is involved in the "<u>management</u> or <u>handling</u> of cash,

credit, or any other financial instrument" (emphasis added) as defined herein.

     B.    With regard to Defendant's request for clarification as to whether the Probation Office is authorized to verify self-disclosure by directly contacting the employer:   Following the plain language of the condition, the Probation Office is authorized to verify both disclosure and the duties of the Defendant by directly contacting the Defendant's employer.   The Probation Office is not limited to only considering what the Defendant asserts regarding the nature of the duties of her employment or whether disclosure has been made.   The Court recognizes the discretion of the Probation Office to make its own determination whether the nature of the Defendant's job duties require disclosure and to the sufficiency of the Defendant's disclosure when contacting the Defendant's employer.

     C.    With respect to the Defendant's request to clarify when the Probation Office is authorized to contact Defendant's employer to verify Defendant's job duties and disclosure:   The Probation Office's authorization to contact the employer commences upon the entry of the order as drafted. There is no limitation in the order on the time of contact by the Probation Office.   The Court does not believe that a plain reading of the condition of

release can be construed to place any time limitation on the contact of the employer by the Probation Office after the order is entered. However, in order to provide the Defendant with the opportunity to make a complete voluntary disclosure to her employer, the Court orders that the Probation Office shall not contact the Defendant's employer until after the expiration of seven (7) business days from the entry of this Opinion and Order.

## Conclusion

IT IS HEREBY ORDERED that Defendant Leslie Shaw's Motion to Clarify Conditions of Release (d/e 13) is ALLOWED and the Probation Office may verify the Defendant's job duties and disclosure of her federal charges to her employer after the expiration of seven (7) days from the entry of this Opinion and Order as specified above in a manner not inconsistent with this Opinion and Order.

ENTERED:   April 19, 2017

__s/ *Tom Schanzle-Haskins*_____
    TOM SCHANZLE-HASKINS
    UNITED STATES MAGISTRATE JUDGE